**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>Richard Alexander Harris, Jr.,<br><br>Debtors. | Bankruptcy Case No: 26-17752-TBM<br>Chapter 13 |

## ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED PURSUANT TO 11 U.S.C. § 109(h)

THIS MATTER comes before the Court on a letter, which the Court construes as a "Motion to Extend Time for Credit Counseling" sent to the Court by Richard Alexander Harris, Jr., (the "Debtor") on October 21, 2026 (Docket No. 5, the "Motion"). In the Motion, the Debtor requests that the Court allow an "Extension/Waiver For The Credit Counseling Course."

### Background

The Debtor, acting *pro se*, filed a voluntary petition in bankruptcy on October 21, 2026. On Part 5, Question 15 of the petition, the Debtor indicates that he "received a briefing from an approved credit counseling agency within the 180 days before [he] filed this bankruptcy petition, but [he] do[es] not have a certificate of completion." (Docket No. 1). The Debtor failed to file a certificate of completion of credit counseling, as of the date of this Order. Instead, and seemingly contradictory to the assertion made in his petition, the Debtor sent the Motion to the Court which, which states, "I'm asking You today For A Extension/Waiver For The Credit Counseling Course I Was Only Informed Of This Filing Just Yesterday (10/20/2026), If Granted This Time I can fulfill The Requirement." (Docket No. 5).

### Requirements of Section 109(h)

Under 11 U.S.C. § 109(h)(1), "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing." This requirement does not apply, however, to "a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity [or] disability. § 109(h)(4). "Disability" means that "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." *Id.* The requirement also does not apply where a debtor submits a certification to the Court that:

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

There is no question that the Debtor did not complete the credit counseling briefing required by section 109(h)(1) in the 180-day period ending on the petition date. In order to determine whether the Debtor is eligible to be a debtor, the Court is required to determine whether, *during the 180-day prior to the petition date*, the Debtor had been unable to complete the counseling requirement as a result of disability or incapacitation, or whether some "exigent circumstance" prevented them from doing so. The Debtor's filing or Motion does not explain why the Debtor was unable to complete the credit counseling requirement prior to filing this case. Accordingly, the Court hereby

ORDERS that the Debtor shall show cause, in writing, on or before **November 9, 2026,** why his case should not be dismissed pursuant to 11 U.S.C. § 109(h). The Debtor should explain what disability, incapacity, or exigent circumstance prevented him from participating in credit counseling *prior* to the date he filed for bankruptcy. Specifically, if the Debtor is asserting that the need to obtain some sort of emergency stay prevented him from obtaining credit counseling, he is required to identify the specific steps he took to obtain credit counseling prior to filing, as well as why filing this case was prior to obtaining the counseling was necessary. **If the Debtor fails to show cause by the above deadline, the Court may dismiss the Debtor's case without further notice.** The United States Trustee or the Chapter 13 Trustee may also file an appropriate response if they so wish. The Court

REMINDS the Debtor that it has previously established a **Wednesday, November 4, 2026,** deadline by which certain documents must be filed (*See* Notice of Deficiency at Docket No. 7). The Debtor should take care to meet such deadline.

**Notice to Debtor**

The Court encourages the Debtor to seek the assistance of counsel. The Court has recently instituted a pro se bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost. The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866. Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether legal fees can be paid through a Chapter 13 plan. Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance. Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303- 837-1321. Its website is http://www.coloradolegalservices.org. Other organizations also might be able to provide pro bono legal services.

DATED this 2nd day of November, 2026.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge